IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MELISSA ELIZABETH LUCIO, | § | No. 4:22-cv-00996 |
| Plaintiff, | § | |
| vs. | § | (Death Penalty Case) |
| BRYAN COLLIER, et al., | § | |
| Defendants. | § | Ms. Lucio is scheduled to be executed on April 27, 2022 |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR STAY OF EXECUTION**

**INTRODUCTION**

In an 8-1 decision in favor of the religious-exercise rights of death-sentenced individuals, the Supreme Court recommended that prison systems "adopt streamlined procedures" and "clear rules" so that requests for spiritual comfort in a person's final moments—like those made by Plaintiff Melissa Elizabeth Lucio to TDCJ days after her execution was scheduled—"can be litigated at all levels well in advance of any scheduled execution." *Ramirez v. Collier*, 142 S. Ct. 1264, 2022 WL 867311, at *13-*14. TDCJ has refused to heed this guidance, and its case-by-case review has caused precisely the sort of confusion the Supreme Court predicted.

This Court should enter a stay of execution until it can resolve the merits of Ms. Lucio's claims or the parties can reach agreement on the accommodation of Ms. Lucio's requests. TDCJ's "No Speaking" and "No Contact" policies remain in place. Even though the policies likely violate religious-exercise rights, as the Supreme Court has found and the State now agrees, their continuation has created uncertainty about whether and to what extent they will be applied to Ms. Lucio's requests, as the State also concedes. State's Opp'n at 3, 6, 14, Ex. 2. The State incorrectly argues that it has now, months after Ms. Lucio's requests, accommodated them in full—even today, the parameters of the State's offer are unclear and a stay is warranted at

minimum to permit the parties to attempt to reach a mutual understanding about the spiritual accompaniment that TDCJ will permit. But more broadly, the last-minute, case-by-case approach followed by the State in this case is *exactly* the practice condemned by the Supreme Court, and the *Ramirez* case itself may result in "streamlined procedures" and "clear rules" that will affect this case as well. The State cannot defend rushing forward with Ms. Lucio's execution before this dispute is resolved in full, and the Court should not permit it to.

**ARGUMENT**

**I.    A Stay Is Necessary**

After eight weeks waiting for TDCJ to resolve her spiritual advisor request, Ms. Lucio filed this lawsuit on March 28, 2022, seeking to vindicate her religious rights. As of that date, TDCJ had not changed its determination that Ms. Lucio could not have her advisor audibly pray with and physically touch her in her final moments. Compl. ¶¶ 1, 4, 40. On March 30, 2022, unnamed "Texas prison officials" said that they would not "formally update their rules" in view of *Ramirez* and that spiritual requests would be reviewed "case-by-case." Pl.'s Mot. at 7.

On April 7, 2022, after Ms. Lucio sued and one day before her stay motion was due, TDCJ finally issued a decision on Ms. Lucio's request, rejecting her request for Viaticum, and permitting audible prayer only in the Warden's discretion. Pl.'s Mot. at 5, Ex. 1, Step 2 Grievance Decision. On Monday evening, two days before the State's opposition was due, Defendants' counsel Jennifer Wren sought undersigned counsel's agreement by the next day to a vague and noncommittal proposal, including an offer to consider a renewed request for Viaticum and make a later determination. State's Opp'n, Ex. 2, Email from Jennifer Wren, attorney for Defendants, to Richard Ellis, Tivon Schardl, and Tim Gumkowski, attorneys for Plaintiff (Apr. 11, 2022, 7:07 PM). Ms. Lucio responded that the offer did not resolve the parties' dispute.

Now, in its opposition, the State takes yet another position. It represents that TDCJ officials, including one of the named Defendants, met with Ms. Lucio after she sued—in meetings that undersigned counsel was not present at, did not consent to, and was not informed of until reading about them in the State's opposition, and that go conspicuously unmentioned in Ms. Wren's April 11, 2022 email—and that they have reached agreement with her about her requests. Defs.' Opp'n, Ex. 1, Decl. of Bobby Lumpkin; Waiver of Service Returned as Executed to Bobby Lumpkin served on Mar. 28, 2022, Dk. No. 4 (Apr. 1, 2022). On that basis, the State argues that Ms. Lucio's claims are likely to fail and that she does not face irreparable harm absent a stay.

This is gamesmanship, not acquiescence. What the State is offering to provide in its self-contradictory communications remains unclear, and a promise to determine a renewed claim in the future only confirms that the dispute in this case is very much live. This is exactly the kind of haphazard and disorganized process that the Supreme Court criticized in *Ramirez*, and at bare minimum, a stay is necessary to permit the parties to attempt to reach a formal, written agreement about the spiritual accommodations the State will make and how they will be administered as Ms. Lucio draws her last breath.[1]

Failing an agreement, a stay is necessary for the Court to resolve the merits of Ms. Lucio's claims.[2] The State now agrees with Ms. Lucio that TDCJ's "No Speaking" and "No

---

[1] The court oversaw just such an orderly process in a case involving Alabama's prison system. *See* Joint Mot. to Dismiss, *Smith v. Dunn*, No. 2:20-cv-01026-RAH (M.D. Ala. June 16, 2021), ECF No. 57, *joint mot. granted*, ECF No. 58.

[2] Contrary to the State's assertion, the Supreme Court did not hold that stays of execution are per se improper in cases like Ms. Lucio's. State's Opp'n at 8–9. Rather, the Court noted that "the balance of equities and public interest tilt[ed] in Ramirez's favor" because he "d[id] not seek an *open-ended* stay of execution" and instead "request[ed] a tailored injunction." *Ramirez*, 2022 WL 867311, at *12 (emphasis added). Ms. Lucio, too, seeks a tailored injunction: the ability to receive ministry consistent with her religious beliefs prior to execution. Her request for a stay is

3

Contact" policies likely violate religious-exercise rights. State's Opp'n at 3. The State barely addresses the balance-of-equities and public-interest factors, but they clearly weigh in favor of a stay. The threat of irreparable injury to Ms. Lucio—her unlawful execution in a manner that violates her religious rights before a court is able to adjudicate her claims on the merits or the parties have a meaningful opportunity to ensure agreement to the terms of her religious-exercise accommodations—unquestionably outweighs any potential harm to the State. Pl.'s Mot. at 13. A stay here also serves judicial economy because of the possibility that *Ramirez* will effect a more broadly applicable change to TDCJ's policies. *Id*. at 13–14.

As this perplexing and avoidable series of events shows, it is *TDCJ's actions*—not Ms. Lucio's requests—that are the moving target. *See also* Pl.'s Mot. at 5–7 (documenting how TDCJ changed its policies three times between 2019 and 2021).

## II. The State's Exhaustion Arguments Are Misguided

Ms. Lucio exhausted all administrative remedies "available" to her. "A prisoner need not exhaust remedies if they are not 'available.'" *Ross v. Blake*, 578 U.S. 632, 636 (2016); *Valentine v. Collier*, 978 F.3d 154, 160–61 (5th Cir. 2020) (citing *Ross*, 578 U.S. at 643–44) ("a grievance process is not available if 'it operates as a simple dead end'"). Nor can an administrative remedy be considered "available" where exhausting it would preclude a judicial one. The State's opposition simply rehashes administrative exhaustion arguments rejected in *Ramirez*.

At every step, Ms. Lucio has acted promptly to vindicate her rights by expeditiously pursuing her requests for accommodation. Pl.'s Mot at 4–5. The prison has unilateral control over the handling of the grievance forms, and Ms. Lucio "should not … be penalized for delays attributable to prison administrators." *Ramirez*, 2022 WL 867311, at *15 (Sotomayor, J., concurring). The final ruling on Ms. Lucio's Step 2 Grievance has superseded any exhaustion in furtherance of that remedy. *See id.* at *14.

issue in any event.  Pl.'s Mot., Ex. 1; *accord Ramirez*, 2022 WL 867311, at *7.[3]

The State asserts an exhaustion defect by mischaracterizing Ms. Lucio's request.  State's Opp'n at 12–13.  From the outset, Ms. Lucio clearly sought audible prayer and physical touch consistent with her Catholic faith.  *Cf. Ramirez*, 2022 WL 867311, at *7 (rejecting argument "that while [Mr. Ramirez's] grievances clearly requested prayer, they did not clearly request audible prayer").  Her Step 2 Grievance offered additional detail, not new requests.  Compl., Ex. 7, Step 2 Grievance.  Nor can Ms. Lucio be faulted for confusion sowed by the State's mid-litigation communications, which could have been avoided if TDCJ adopted "clear rules" and "streamlined procedures" after *Ramirez*.  Ms. Lucio cannot be penalized for confusion attributable to prison administrators' own ad hoc process.

## CONCLUSION

For these reasons, and given the high stakes involved, this Court should grant Ms. Lucio's motion to stay her execution until it can resolve the merits of her claims.

DATED: April 15, 2022.

Respectfully submitted,

A. RICHARD ELLIS*
75 Magee Ave.
Mill Valley, CA
(415) 389-6771
a.r.ellis@att.net

*Pro hac vice application pending*

MAUREEN SCOTT FRANCO
Federal Public Defender
Western District of Texas

TIVON SCHARDL
CHIEF, CAPITAL HABEAS UNIT

Attorney-in-charge

S.D. Tex. Bar No. 3145499
Texas Bar. No. 24127495
TIMOTHY GUMKOWSKI
Assistant Federal Public Defender
919 Congress, Suite 950
Austin, Texas 78701
(737) 207-3008; (512) 499-1584 (fax)
tivon_schardl@fd.org

*Counsel for Plaintiff Melissa Elizabeth Lucio*

---

[3] If Ms. Lucio had to wait for a final determination, this Court should order her to amend her complaint, not deny her stay for lack of exhaustion.  *Id*.

# CERTIFICATE OF SERVICE

I certify that on April 15, 2022, I electronically filed the above motion with the Clerk of the Court for the United States District Court for the Southern District of Texas, using the electronic case filing system of the Court, which will send notification of such filing to the following:

Jennifer Wren Morris
Office of the Attorney General
P.O. Box 12548
Austin, TX 78711
512-936-2991
jennifer.wren@oag.texas.gov

Edward Larry Marshall
Office of the Attorney General
PO Box 12548
Austin, TX 78711
512-936-1400
caddocket@oag.texas.gov

I certify that on April 15, 2022, I also served the above motion to the following, via e-mail:

Leah Jean O'Leary
Office of the Attorney General
P.O. Box 12548
Austin, TX 78711
512-463-2080
leah.oleary@oag.texas.gov

>   */s/Tivon Schardl*
>   TIVON SCHARDL
>   Attorney for Melissa Lucio